CORNELIUS D. GUYON *et al.*, Appellants, *v.* JOHN ROONEY, Respondent.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Justice's court. Replevin.*—An action to recover a chattel may be maintained in justice's court, though the constable has made no return to the requisition of the justice of the peace.
2. *Appeal. Certification.*—An appeal from an inferior court to the general term will not be determined, unless the appeal papers are certified, as required by § 1353 of the Code of Civil Procedure.

Appeal from the judgment of the county court.

*W. J. Powers*, for appellants.

*William M. Mullen*, for respondent.

PRATT, J.—This is an appeal from a judgment of the county court of Richmond county reversing a judgment entered by a justice of the peace, in an action commenced in his court by summons in an action for the recovery of the possession of a horse, and damages for the detention thereof. The justice's return shows that he issued a summons August 8th, 1887, returnable August 15th, 1887, and that the plaintiff, at the same time, made an affidavit before the justice entitled in the action, setting forth his ownership of the horse; that it was wrongfully detained by the defendant; that defendant claimed to hold it by virtue of a chattel mortgage executed by plaintiffs to one Imlay and others; that the horse had not been taken by warrant for the collection of a tax, assessment or fine, or on execution or warrant of attachment against plaintiff, or any person from or through whom plaintiff derived title, and that the value of the horse was $190. The return shows no requisition in the justice's court, or return thereof. The summons was personally served.

On the return of the summons, the plaintiff made a formal written complaint by his attorney, setting forth his ownership of the horse, the wrongful taking and detention thereof, its value, and $100 damages, and asked for judgment for the delivery of the property and for the recovery of the damages, with costs.

Defendant appeared and interposed an answer to the merits, and plead the want of a return to the requisition by the constable predicating thereon an objection to jurisdiction of the justice. Thereupon the justice tried the case on the merits, and for aught that we can see, so far as the merits extend, entered a judgment in plaintiff's favor for the delivery of the horse and for fifty dollars' damages with $3.15, costs, on sufficient evidence.

Defendant appealed to the county court and demanded a new trial. On the new trial before the county court defendant moved to dismiss the action for the alleged want of jurisdiction, and the court granted his motion, and, without farther proceedings, entered judgment, reversing the justice's judgment, and dismissed the action with $74.14 costs. The plaintiff then appealed to this court.

Section 2933 of the Code would seem to apply to and control this case. It provides that " Where the summons has been personally served upon the defendant, or where he appears, the justice must proceed to hear and determine the action, although the plaintiff has not required the chattel to be replevied, or the constable has not been able to replevy it." This provision indicates that an action to recover a chattel may be maintained in a justice's court where there has been no requisition. The returns showed no requisition. There was an affidavit appropriate for such a requisition, but for aught that appears, the precise event happened which brings the case within section 2933. The plaintiff did not require the chattel to be replevied. Delin *v.* Stohl (2 Civ. Pro. Rep. 222) sustains this view. The form of the justice's judgment was probably wrong, but there can be no

doubt, in view of this provision of section 2933, that the justice's court had jurisdiction of the parties and the subject-matter of the action.   It follows that the motion to dismiss the action in the county court was erroneously granted. That court should have tried the action on the merits, because the amount claimed by plaintiff in his complaint exceeded fifty dollars.   Code, § 3068.

The foregoing was written before we observed the point about the certificate of the appeal papers.   It is now insisted that we cannot determine this appeal because the papers before us do not appear to have been certified as required by section 1353.   We agree with the first department in Lewisohn *v.* Niederwiesen (40 Hun, 545 ; 1 N. Y. State Rep. 72) that this rule is an important one, especially in cases which come into this court from an inferior court.   There is nothing before us to show our jurisdiction.   But, since we have expressed our views on the merits of the appeal, it may save future trouble and expense to the parties if they shall be made known.   We therefore decline to make formal decision of this appeal at this time.   The plaintiff may have a stay until next general term or withdraw his appeal in order to obtain proper certification for the next general term, and thus have papers properly certified for submission.

All concur.