JOHN H. BAME, Appellant, *v.* ANTON SEYKORA, Respondent.

*Justice of the peace — action to recover a chattel or its value — it need not be replevied — what is necessary to establish a defense.*

An action to recover possession of a chattel may be maintained before a justice of the peace although no proceedings are taken to replevy the chattel before judgment.

In an action brought to recover the possession of a chattel, if the plaintiff establishes a *prima facie* title and a right to the possession of the property, it is incumbent upon the defendant to show how he came into possession of the same.

APPEAL by the plaintiff, John H. Bame, from a judgment of the County Court of Schenectady county in favor of the defendant, entered in the office of the clerk of the county of Schenectady on the 15th day of September, 1893, dismissing the plaintiff's complaint, and for costs.

This action was brought to recover possession of a horse and

wagon, or the value thereof, together with damages for the alleged wrongful detention of the same by the defendant.

The defendant alleged in his answer that he purchased the horse and wagon at a public sale by virtue of an execution.

Upon the trial of the action, after the conclusion of the plaintiff's testimony, the defendant moved for a nonsuit, which was granted.

*Jacob W. Clute,* for the appellant.

*Louis M. King,* for the respondent.

HERRICK, J. :

An action to recover the possession of a chattel may be brought before a justice of the peace without taking proceedings to require the replevining of the chattel before judgment. (§§ 2919, 2933, 3038, Code Civ. Proc.; *Delin* v. *Stohl*, 2 N. Y. Civ. Proc. Rep. [Browne], 222; *Guyon* v. *Rooney*, 25 N. Y. St. Repr. 326.)

The plaintiff established a *prima facie* title and a right to the possession of the property in question against every one, except a *bona fide* purchaser.

There is no evidence in the case to show how the defendant came into the possession of the property, whether he stole it, took it for debt or purchased it.

Plaintiff having established a *prima facie* title and right to the possession of the property, it is incumbent upon the defendant to show how he came into possession of it.

The judgment of the County Court should be reversed and a new trial ordered, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed, new trial granted, costs to abide the event.